# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ORR WATER DITCH CO.,, *et al*.,<br><br>    Defendants.<br><br>Re: Nevada State Engineer Ruling #6048 | In Equity A-3-LDG<br><br>Case No. 3:73-cv-03-LDG<br>Subfile No. 3:73-cv-29-LDG<br><br>**ORDER** |

      Michael S. Lowry filed the present petition seeking judicial review of Nevada State Engineer Ruling #6048. In that ruling, the State Engineer granted three temporary water rights change applications filed by the City of Fernley. Each application sought a temporary change from municipal purposes to instream flow for wildlife purposes for only the 2010 irrigation season.

      Interested party Pyramid Lake Paiute Tribe has moved for the dismissal of the petition (#14), arguing that the petition for judicial review is now moot, as the temporary change in the use of water rights has taken place and concluded during the 2010 irrigation season. The Tribe further represents that, subsequent to the 2010 irrigation season, there

has not been a repetition of this matter.  The State Engineer and Fernely have filed notices that they do not oppose the dismissal of the petition.

Lowry opposes (#28) the motion to dismiss.  At its essence, he argues that the matter is not moot because the underlying change applications are connected to an overall agenda involving the removal and reallocation of Newlands Project water rights.

This court may only adjudicate an actual, ongoing case or controversy.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); U.S. Const., Art. III, Sec. 2.  The requirement of a case or controversy demands that, at all stages of the case, "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*  Simply stated, "[f]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *DeFunis v. Odegard*, 416 U.S. 312, 316 (1974).

The petition that is presently before the Court seeks judicial review of State Engineer's Ruling #6048.  That ruling granted a temporary change in use of certain of Fernley's water rights for the 2010 irrigation season.  That temporary change in use occurred in and concluded during the 2010 irrigation season.  Any actual injury suffered by Lowry and traceable to the defendant ceased to exist upon the conclusion of the temporary change in water use.  This Court cannot render a favorable decision providing a remedy to Lowry concerning a temporary change in water use that has concluded of its own accord.  Accordingly, this matter has become moot.

Lowry's arguments that there exists an ongoing controversy concerning an agenda involving the removal of Newland Project water rights does not alter the conclusion that this matter is moot.  The matter before the Court does not seek review of an ongoing agenda, but seeks review of a specific ruling by the State Engineer, in which the State Engineer granted three applications for a temporary change in water use.  The ruling allowed a change of use of the underlying water rights for the 2010 irrigation season, and the

changed use of the water concluded with the 2010 irrigation season.  Any controversy concerning Ruling #6048 ceased with the conclusion of the 2010 irrigation system and the end of the temporary changed use of the underlying water rights.

Therefore, for good cause shown,

THE COURT **ORDERS** that the Motion to Dismiss (#14) is GRANTED.

DATED this 28 day of March, 2013.

Lloyd D. George
United States District Judge